**STATE OF HAWAII**, Plaintiff–Appellee, v. **PETER D. ROWLEY**, Defendant–Appellant

NO. 12580

(CASE NO. WMLNR1:3/9/87)

NOVEMBER 18, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

## OPINION OF THE COURT BY LUM, C.J.

The issue in this appeal is whether two published notices of public hearings on proposed rules and amendments of the Rules of the Hawaii State Park System prohibiting nudity in state parks, promulgated by the Department of Land and Natural Resources (DLNR), conformed to the applicable provisions of the Hawaii Administrative Procedure Act, Hawaii Revised Statutes (HRS) Chapter 91 (HAPA). We conclude that the notices failed to reflect the "substance" of the proposed rules and amendments as required by HRS § 91-3,[1] and reverse the Defendant's conviction.

### I.

The initial notice appeared in the Honolulu Star–Bulletin on June 18, 1971, and merely stated that the DLNR would conduct public hearings regarding "Board Resolution No. 1 providing for the Regulation and Control of State Parks, Outdoor Recreational Areas and Historic Sites." Hearings as publicized were conducted throughout the State on July 6, 9, 15, and 16,

---

[1]HRS § 91-3 provides in relevant part:

Procedure for adoption, amendment or repeal of rules. (a) Prior to the adoption of any rule authorized by law, or the amendment or repeal thereof, the adopting agency shall:

(1) Give at least twenty days' notice for a public hearing. Such notice shall include a statement of the substance of the proposed rule, and of the date, time and place where interested persons may be heard thereon. The notice shall be mailed to all persons who have made a timely written request of the agency for advance notice of its rulemaking proceedings, and published at least once in a newspaper of general circulation in the State for state agencies and in the county for county agencies.

(2) Afford all interested persons opportunity to submit data, views, or arguments, orally or in writing. The agency shall fully consider all written and oral submissions respecting the proposed rule. The agency may make its decision at the public hearing or announce then the date as to when it intends to make its decision. Upon adoption, amendment, or repeal of a rule, the agency shall, if requested to do so by an interested person, issue a concise statement of the principal reasons for and against its determination.

1971. The second notice was published in the same newspaper on April 7, 1981, and advertised public hearings scheduled for April 28, 29, 1981 and May 4, 5, 1981. The notice publicized department proposals to recast the DLNR rules in a new format and to make "substantive changes to existing rules."

On March 8, 1987, a Department of Conservation Enforcement Officer observed the Defendant–Appellant Peter D. Rowley (Appellant) to be completely nude at Pu'u 'Ola'i, Makena State Park, commonly referred to as "Little Beach" or "Small Beach." The Appellant was in an area where posted signs warned beach users that "NUDITY IS PROHIBITED."

Shortly thereafter, Maui Police Department Officers arrested Appellant for nudity in state parks. Appellant was charged and convicted for violating Rule 13–145–35 of the Hawaii State Park System which prohibits nudity in state parks. Use of the public beach at Pu'u 'Ola'i, Makena State Park, has been the site of frequent arrests giving rise to prosecutions for violations of various state laws prohibiting public nudity. This appeal, however, presents the first instance of prosecution for violation of an administrative rule prohibiting nudity.

## II.

The sole issue in this case is whether the DLNR's adoption of State Park Regulation 2.32 (1971) and the successor DLNR Rule 13–145–35 (1981) prohibiting nudity in state parks satisfied the substantive public notice requirement of the Hawaii Administrative Procedure Act, HRS § 91–3.

HRS § 91–3 demands advance notice of an administrative agency's plan to adopt, amend, or repeal its rules. The statute clearly and unambiguously requires that the notice "shall include a statement of the substance of the proposed rule" to "afford all interested persons opportunity to submit data, views, or arguments, orally or in writing."[2] HRS § 91–3(a)(l) and (2). The express legislative objective of the HAPA rule–making procedures is to provide for public participation in the rule–making process, by allowing any interested person to petition for a change in the rules as

---

[2] We are not addressing here the issue of emergency rules which may be adopted without prior notice or hearing pursuant to HRS § 91–3(b).

well as to participate in a public hearing. Hse. Stand. Comm. Rep. No. 8, in 1961 House Journal, at 655. Furthermore, the legislature has determined that "an agency must consider the views of interested persons where it seeks to promulgate a 'rule,' no matter how complex is the data that goes into the rule's formulation." *Aguiar v. Hawaii Hous. Auth.*, 55 Haw. 478, 487–88, 522 P.2d 1255, 1262 (1974).

In *Costa v. Sunn*, 64 Haw. 389, 642 P.2d 530 (1982), we considered the issue of HAPA violations in amending welfare rules and held that the published notices of public hearings on proposed amendments to rules of the Department of Social Services and Housing were inadequate under HAPA. Contrary to the requirement of HRS § 91–3, the notices at issue "stated little more than the headings of the new rules and did not provide interested persons with sufficient information to direct their comments toward concrete proposals." 64 Haw. at 394, 642 P.2d at 534. We explained that the "substance" of a proposed rule "means not merely the subject of it, but an intelligible abstract or synopsis of its material and substantial elements." *Id.* Viewed in this light, the notices in question were inadequate.

As in *Costa*, both the 1971 and 1981 notices merely stated the general description of the proposed rules and amendments and failed to provide interested parties with sufficient information to allow for criticism, recommendations or formulation of alternatives. Neither a synopsis of material elements or an intelligible abstract was provided to afford interested persons the opportunity to present responses to the proposals. Consequently, the purpose of HRS § 91–3, to fairly apprise interested parties of proposed rules and amendments so that they can formulate and present rational responses to such proposals, was not served.

The State concedes that the 1981 Rule was not adopted in conformity with the public notice requirements set forth in HRS § 91–3, but argues that such notice was not necessary since no substantive amendment to State Park Regulation 2.32 (1971) was contemplated. We disagree. Before Defendant can be successfully prosecuted under an administrative rule prohibiting nudity in state parks, the rule itself must be promulgated in compliance with the rule–making procedures of HAPA, HRS Chapter 91. Since the adoption of the 1971 State Park Regulation was invalid and unenforceable *ab initio* for failure to comply with the substantive notice requirements of HRS § 91–3, the 1981 successor DLNR Rule, also concededly promulgated with inadequate substantive public notice, is similarly invalid.

Reversed.

*Anthony L. Ranken*, for Defendant–Appellant.

*James B. Takayesu*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.

*Johnson H. Wong* and *Randall Y. K. Young*, Deputy Attorneys General, for Amicus Curiae Attorney General, State of Hawaii.

## DISSENTING OPINION OF NAKAMURA, J.

The court declares "[t]he sole issue in this case is whether the DLNR's adoption of State Park Regulation 2.32 (1971) and the successor DLNR Rule 13–145–35 (1981) prohibiting nudity in state parks satisfied the substantive public notice requirement of the Hawaii Administrative Procedure Act, HRS § 91–3[,]" and it concludes "the adoption of the 1971 State Park Regulation was invalid and unenforceable *ab initio* [and] the 1981 successor DLNR . . . is similarly invalid." The issue in my view is whether the notice published in 1981 furnished sufficient notice of the proposed amendment of the rules governing the operation of the Hawaii State Parks System, and like the trial court I conclude "[t]he notice published in the *Honolulu Star Bulletin* on April 7, 1981, and in the *Maui News* on April 8, 1981, provided sufficient, timely and substantive notice to the public of prospective changes to Chapter 145 of the Rules of the Hawaii State Park System[.]" The opinion of the majority effectively invalidates all the rules governing the State Park System on a questionable ground that rules repealed in 1981 were not validly adopted in 1971, and I dissent.

### I.

In June of 1971, the State Board of Land and Natural Resources published notices of public hearings to be conducted in July on Oahu, Kauai, Maui, and Hawaii "[t]o afford all interested persons an opportunity to submit data, views, arguments, orally or in writing, in connection with the amendment of: BOARD RESOLUTION NO. 1 PROVIDING FOR THE REGULATION AND CONTROL OF STATE PARKS, OUTDOOR RECREATIONAL AREAS AND HISTORIC SITES." After the hearings were held, the Board adopted a new regulation "Relating to the Regulation and Control of the State Parks System." The regulation, denomi-

nated Board Regulation No. 1, was approved by the Governor on February 18, 1972 and remained in effect, apparently without challenge, until 1981. Section 2.32 of Board Regulation No. 1 proscribed nudity in State parks; its relevant provisions read:

> Swimming and bathing are permitted on the premises except in waters and at times where such activities are prohibited in the interest of public health or safety. Such excepted waters shall be designated by posted signs. *Nude bathing, nude swimming or nude sun bathing [sic] or walking or remaining on the premises in the nude is prohibited.*

(Emphasis added).

An amendment of the Hawaii Administrative Procedure Act that prescribed a uniform format for the publication, filing, and indexing of rules by all State agencies compelled the Board to recast its rules in the prescribed format in 1981. But before it did so, the Board published notices of public hearings, apprising the public thereby of its intention to amend the rules. The notices, in relevant part, stated:

> Pursuant to provisions of Chapter 91, Hawaii Revised Statutes, and all other laws applicable thereto, public hearings will be conducted by the Board of Land and Natural Resources to afford all interested parties the opportunities to submit oral and written data, views, arguments, or other testimony concerning the repeal and adoption of administrative rules relating to:
>
> > 1) Administration of the Department of Land and Natural Resources, including rules of practice and procedure, rules pertaining to Conservation Districts, and rules dealing with the Alakai Wilderness and Waimanu Estuarine Sanctuary;
> > 2) the Hawaii State Parks System; and
> > 3) the Historic Places Review Board and the Hawaii and National Registers of Historic Places.
>
> The proposed action includes repeal of an obsolete regulation restricting mineral exploration of submerged lands. Besides making substantive changes to existing rules, the proposed action involves changes in the format of the rules to conform to the provisions of Section 91-4.2, Hawaii Revised Statutes, which requires all State regulations to follow a uniform format.

Copies of the proposed Administrative Rules and of the regulations to be repealed are available for public inspection at the Department of Land and Natural Resources, 1151 Punchbowl Street, Room 131, Honolulu, Hawaii, and at its district offices in Lihue, Kauai; Wailuku, Maui; and Hilo, Hawaii.

Among the views expressed by members of the public at the hearings was one that the "[p]rovision covering nudity . . . should be deleted because it is covered by other state law." The Board, however, chose not to delete all references to nudity in the amended rules; it chose instead to strike the proscription of "[n]ude bathing" and substitute therefor a prohibition against "taking outdoor showers in the nude." Section 13–145–35(a) of the Board's rules, as adopted in 1981, thus read:

(a) Swimming is permitted on the premises except in waters and at times where swimming may be prohibited in the interest of public health or safety. These waters shall be designated by posted signs. *Nude swimming, nude sunbathing, walking or remaining on the premises in the nude, or taking outdoor showers in the nude is prohibited.*

(Emphasis added).

The court now holds "the adoption of the 1971 State Park Regulation was invalid and unenforceable *ab initio* for failure to comply with the substantive notice requirements of HRS § 91–3 [and] the 1981 successor DLNR Rule . . . is similarly invalid."

## II.

But the defendant was not charged with violating the 1971 State Park Regulation, and a perusal of the record dispels any notion that the public was not duly informed in 1981 that the rules proposed for adoption would prohibit "nude swimming, nude sunbathing, walking or remaining on the premises [of a State park] in the nude."

When Board Regulation No. 1 was adopted in 1971, HRS § 91–4 compelled the Board to "file forthwith certified copies thereof with the lieutenant governor," who maintains a "permanent register of the rules" adopted by State agencies. The register is "open to public inspection." HRS § 91–5 further required "[e]ach agency [to] . . . compile, index, and publish . . . all rules adopted by the agency." Since the party with the burden of establishing invalidity produced no evidence to the contrary, we

must assume the rules adopted in 1971 found their way into the permanent register of administrative rules and were published. Moreover, the record reveals that interested members of the public knew of the 1971 rules and suggested the deletion of references therein to nudity.

The court nonetheless invalidates the rules promulgated in 1981 on the basis of a purported failure by the Board to follow the notice provisions of the Administrative Procedure Act in 1971. Knowing no principle of law that would justify the invalidation of rules on a ground that rules no longer in effect were invalid, I would affirm the district court's conclusion that the Board "provided sufficient, timely and substantive notice to the public of prospective changes to Chapter 145 of the Rules of the Hawaii State Park System[.]"