**ROBERT WHITNEY HALL**, aka **ROBERT W. HALL**, Plaintiff–Appellant, v. **STATE OF HAWAI'I**, by **JOHN C. LEWIN**, Director of Health, Defendant–Appellee

NO. 15688

(CIV. NO. 91–1448–05)

DECEMBER 2, 1993

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE TOWN, IN PLACE OF ASSOCIATE JUDGE WATANABE, DISQUALIFIED

OPINION OF THE COURT BY HEEN, J.

Plaintiff–Appellant Robert W. Hall (Hall) appeals from the October 3, 1991 findings of fact (FOF), conclusions of law (COL), and order (Order) dismissing his action against Defendants–Appellees State of Hawai'i and its Director of Health, John C. Lewin [M.D.] (collectively Defendants), for declaratory and injunctive relief. We affirm.

On April 24, 1991, Defendants published a notice (Notice) announcing a public hearing on proposed amendments (Amendments) to the administrative rules and regulations governing potable water systems, Chapter 11–20, Hawai'i Administrative Rules (HAR

ch. 11–20). On May 7, 1991, Hall filed a complaint in the circuit court alleging that (1) the Notice did not comply with the requirements of Hawai'i Revised Statutes (HRS) § 91–3 (1985 and Supp. 1992); (2) the room scheduled for conducting the public hearing was too small to accommodate the anticipated crowd; and (3) public hearings should be held on all islands because the proposed simultaneous tele–video arrangements were inadequate to accommodate neighbor island residents.[1] Hall also attacked the substance of the Amendments. The complaint requested the lower court, *inter alia*, to declare the Notice "null and void" and to enjoin Defendants from proceeding with the public hearing until a valid notice was published.

On May 19, 1991, Defendants moved the court to (1) grant them summary judgment, pursuant to Rule 56(b), Hawai'i Rules of Civil Procedure (HRCP) (1990), on Hall's claim that the Notice was legally insufficient;[2] (2) dismiss pursuant to Rule 12(b)(6), HRCP (1980), Hall's assertion that the hearing room was too small and separate public hearings should be held on the neighbor islands; and (3) dismiss as premature Hall's claim challenging the Amendments' substance.

The Order (1) entered summary judgment in favor of Defendants on Hall's claim that the Notice was legally insufficient; (2) dismissed with prejudice Hall's claims regarding the hearing room and neighbor island hearings; and (3) dismissed without prejudice Hall's claim relating

---

[1] Hall apparently anticipated heightened public interest in the hearing because of an apprehension that the proposed amendment could affect the level of fluoride allowed in potable water systems.

[2] Lewin attached a copy of the Notice and affidavits from several newspapers from all islands attesting to its publication.

to the substance of the Amendments.    Hall timely appealed.

## LEGAL SUFFICIENCY OF THE NOTICE

In reviewing an award of summary judgment, the appellate court is bound by the same standard applied by the trial court.  Under Rule 56(c), HRCP, summary judgment is proper where the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  *Kaneʻohe Bay Cruises, Inc. v. Hirata*, 75 Haw. 250, 861 P.2d 1 (1993).

The Notice stated that the purpose of the Amendments was to establish new requirements for public water systems to ensure that drinking water would meet "specific public health standards" developed under the applicable federal law.   The Notice listed the existing and proposed maximum contaminant levels for "specified contaminants [and] certain inorganic, organic, volatile synthetic organic[,] and miscellaneous chemicals."  The Notice also advised of the following proposed Amendments:

(1)    expanding the rules to govern all public water systems in the State;

(2)    establishing a special monitoring system for previously unregulated contaminants;

(3)    creating new requirements for notifying water system customers when the water system violates the rules governing potable water systems;

(4)    implementing additional enforcement measures; and

(5)    requiring the State Health Director's approval before additives are introduced into the public water system.

The Notice also announced that the Department's hearing officer would conduct the public hearing on June 13, 1991, at 6:30 p.m., in the Kalanimoku Video Conference Center in Honolulu and "simultaneously by tele[–]video conference communications to [video conference centers] in Lihu['']e, Kaua['']i, and Hilo, Hawai['']i." Finally, the Notice advised where interested persons could obtain more information, examine the Amendments, or obtain free copies.

Hall specifically claimed that this Notice was "false [and] misleading" and insufficiently described the Amendments. After examining the Notice's publication and contents, we find no disputed material facts. Therefore, the key question becomes whether the Defendants should prevail as a matter of law. Specifically, whether the Notice conforms with the intent and purpose of HRS § 91–3.

In construing a statute we are required to ascertain and give effect to the legislature's intent, *Methven–Abreu v. Hawaiian Ins. & Guar. Co.*, 73 Haw. 385, 834 P.2d 279 (1992), as derived primarily from the statute's language. *Kam v. Noh*, 70 Haw. 321, 770 P.2d 414 (1989).

The present form of § 91–3 was enacted in 1989, Act 64, § 2, 1989 Haw. Sess. Laws 114–17 (Act 64). Act 64's findings and purpose section indicates that the amendment was the legislature's response to the supreme court's interpretation of the former language of HRS § 91–3.[3] In *Costa v. Sunn*, 64 Haw. 389, 642 P.2d 530 (1982), and

---

[3] Prior to 1989, Hawai'i Revised Statutes (HRS) § 91–3 (1985) read in pertinent part as follows:

*State v. Rowley*, 70 Haw. 135, 764 P.2d 1233 (1988), the court examined the legal sufficiency of the notices for public hearings on proposed rule amendments under the then existing provisions of HRS § 91–3, and held that the notices in question did not provide sufficient information to interested persons. Because *Costa* and *Rowley* created far–reaching administrative and financial repercussions, the legislature specifically stated in Act 64's purpose section that one goal of the amendment was to

> [p]rovide clarifying statutory wording that will expressly enable agencies to publish notices that generally describe the subjects involved and the purposes to be achieved by a proposed rule, together with a description of where and how free copies of the proposed rule to be adopted, the proposed rule amendment, or the rule proposed to be repealed may be requested, instead of including in the notice only a statement of the substance of the proposed rule[.]

Act 64, § 1, 1989 Haw. Sess. Laws 115.

The legislature accomplished that purpose by amending § 91–3 to read in pertinent part as follows:

---

**Procedure for adoption, amendment or repeal of rules.** (a) Prior to the adoption of any rule authorized by law, or the amendment or repeal thereof, the adopting agency shall:

(1) Give at least twenty days' notice for a public hearing. Such notice shall include a statement of the substance of the proposed rule, and the date, time and place where interested persons may be heard thereon. The notice shall be mailed to all persons who have made a timely written request of the agency for advance notice of its rulemaking proceedings, and published at least once in a newspaper of general circulation in the State for state agencies and in the county for county agencies.

§ 91–3 **Procedure for adoption, amendment or repeal of rules**. (a) Prior to the adoption of any rule authorized by law, or the amendment or repeal thereof, the adopting agency shall:

(1)  Give at least thirty days' notice for a public hearing. The notice shall include:

(A)  Either:

(i)  A statement of the substance of the proposed rule adoption, amendment, or repeal; or

(ii) A general description of the subjects involved and the purposes to be achieved by the proposed rule adoption, amendment, or repeal; and

(B)  A statement that a copy of the proposed rule to be adopted, the proposed rule amendment, or the rule proposed to be repealed will be mailed at no cost to any interested person who requests a copy, together with a description of where and how the requests may be made; and

(C)  The date, time, and place where the public hearing will be held and where interested persons may be heard on the proposed rule adoption, amendment, or repeal.

Act 64, § 2, 1989 Haw. Sess. Laws 115.

The clear intent and purpose of Act 64 is to require that a notice of a public hearing on a proposed adoption, amendment, or repeal of an administrative rule must

minimally include a summary of the proposal. However, in order to provide the most information possible without requiring the administrative agency to detail the proposal's specifics, Act 64 requires that the notice also indicate where and how free copies of the proposal may be obtained, where the public hearing will be held, and where interested persons may be heard.

Our interpretation of Act 64 echoes the general view of the notice requirement of the Federal Administrative Procedure Act (APA), 5 U.S.C. § 553b (1988). Specifically, although the APA "requires that the notice advise of the potential content of a final rule either by providing a proposed rule or 'a description of the subject or issues involved[,]' " it does not necessarily require that the notice exactly state the agency's intended actions. 1 C. KOCH, ADMINISTRATIVE LAW AND PRACTICE § 4.6, at 208 (1985) (quoting 5 U.S.C. § 553b(3)). Notice under the APA is sufficient if it affords interested parties a reasonable and meaningful opportunity to participate in the rule–making process. Therefore, the Notice need not be unduly precise.

In our case, the Notice met all the present requirements of HRS § 91–3. The Notice clearly summarized the Amendments and their purpose, advised where copies of the Amendments could be obtained, and stated where the public could be heard on the matter. The Notice provided enough information or access to information to enable interested persons to participate meaningfully in the rule amendment process. Therefore, Hall's argument that some of its words are false and misleading is utterly without merit.

Accordingly, we conclude that the court correctly granted summary judgment in favor of Defendants on Hall's claim that the Notice was legally insufficient.

## SIZE OF HEARING ROOM AND NEIGHBOR ISLAND HEARINGS

Hall's opening brief fails to present discernible arguments supporting his points on appeal that the court erroneously dismissed his claims that the proposed hearing room was too small and that separate hearings should be held on the neighbor islands. Consequently, we may disregard those points of error. *Johnson v. Robert's Hawai'i Tour, Inc.*, 4 Haw. App. 175, 182 n.4, 664 P.2d 262, 267 n.4 (1983). In spite of Hall's remissness, however, we have considered the points and found them to be without merit.

In its COL, the lower court held that nothing in HRS § 91–3(a)(2) (1985) "require[s] a public hearing room to be of any particular size," or in § 91–3(a)(1)(C) (Supp.1992) "that [requires] a public hearing be held with a hearing officer present in person on each major island." We agree with the lower court. Consequently, since Hall could not prove he was entitled to relief under the law, the court was correct in dismissing his claims with prejudice. *Marsland v. Pang*, 5 Haw. App. 463, 701 P.2d 175 (1985).

## THE SUBSTANCE OF THE AMENDMENTS

We also agree with the lower court that Hall's claims against the validity or effect of the Amendments were premature. At the time of Hall's complaint no one could be sure what form the rules would eventually take. The rules' final form would be decided and known only after the public hearing. Hall would then have the opportunity

to file an action for declaratory judgment on the rules' validity pursuant to HRS § 91–7 (1985).[4]

## CONCLUSION

Based on the foregoing discussion, we affirm the Order.

*Robert W. Hall*, plaintiff–appellant, *pro se*, on the briefs.

*Sonia Faust* and *Laurence K. Lau*, Deputy Attorneys General, on the brief for defendant–appellant.

---

[4] HRS § 91–7 (1985) reads as follows:

**Declaratory judgment on validity of rules.** (a) Any interested person may obtain a judicial declaration as to the validity of an agency rule as provided in subsection (b) herein by bringing an action against the agency in the circuit court of the county in which petitioner resides or has its principal place of business. The action may be maintained whether or not petitioner has first requested the agency to pass upon the validity of the rule in question.

(b) The court shall declare the rule invalid if it finds that it violates constitutional or statutory provisions, or exceeds the statutory authority of the agency, or was adopted without compliance with statutory rule–making procedures.