908 P.2d 545

**Robert W. NORTON, Petitioner–Appellant,**

v.

**ADMINISTRATIVE DIRECTOR OF the COURT, STATE OF HAWAI'I, Respondent–Appellee.**

No. 18615.

Supreme Court of Hawai'i.

Dec. 13, 1995.

Reconsideration Denied Jan. 12, 1996.

Hayden Aluli, on the briefs, Honolulu, for petitioner-appellant.

Gerard D. Lau, Deputy Attorney General, on the briefs, Honolulu, for respondent-appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

MOON, Chief Justice.

Petitioner-appellant Robert W. Norton appeals from the district court's order affirming his driver's license revocation, pursuant to the Administrative Revocation Program set forth in Hawai'i Revised Statutes (HRS) chapter 286, Part XIV (1993). Norton had retained counsel to represent him at the administrative hearing to review his driver's license revocation; however, his retained counsel was unavailable due to counsel's involvement in a trial on another island. On appeal, Norton contends that he had a constitutional right, pursuant to the sixth amendment to the United States Constitution,[1] and a statutory right, pursuant to HRS § 286–259(c) (1993),[2] to have his retained counsel present at the administrative hearing. Thus, Norton maintains that the Administrative Driver's License Revocation Office (ADLRO) hearing officer should have granted him a continuance of the administrative hearing. We disagree and affirm.

## I. BACKGROUND

On May 6, 1994, Norton was arrested for driving under the influence of intoxicating liquor (DUI), in violation of HRS § 291–4.[3]

---

1. The sixth amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his [or her] defence."

2. At an administrative hearing to review the revocation of a driver's license, HRS § 286–259(c) provides, "[t]he arrestee may be represented by counsel."

3. At the time of Norton's conviction, HRS § 291–4 (Supp.1992), provided in relevant part:

> **Driving under the influence of intoxicating liquor.** (a) A person commits the offense of driving under the influence of intoxicating liquor if:
>
> (1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating

Because Norton, *inter alia,* did not provide a sufficient air sample for the breathalyzer test and refused to take a blood test, Norton's driver's license was administratively revoked pursuant to HRS § 286–255. On May 11, 1994, following an administrative review, the administrative revocation of Norton's license was sustained.

On May 13, 1994, Norton requested an administrative hearing to challenge the administrative revocation of his driver's license. The hearing was originally scheduled for May 31, 1994; however, shortly before the hearing, Norton's counsel, Hayden Aluli (Aluli or counsel), requested a continuance because he "need[ed] additional time to adequately prepare for the ... hearing" and also was scheduled to appear at a trial in Hilo beginning June 28, 1994. The ADLRO approved Norton's request for a continuance and rescheduled the hearing for July 7, 1994, at 10:30 a.m.

On July 6, 1994, Aluli's secretary forwarded on behalf of Aluli, by facsimile transmission, the ADLRO's "Request for Continuance of Hearing" form, indicating that a continuance was necessary because Aluli's trial in Hilo was not yet completed. The following morning, Aluli telephoned the ADLRO from Hilo and spoke with Ronald Sakata, the ADLRO Chief Adjudicator, regarding the request for a continuance. Sakata informed Aluli that, he, Sakata, could not grant a continuance of the hearing beyond July 7, but agreed to continue the hearing from 10:30 a.m. to 2:00 p.m. on July 7. Sakata also informed Aluli that he could make his appearance at the hearing via telephone from Hilo, at which time Aluli could request a continuance from the hearing officer. Aluli agreed and indicated that Norton would personally appear at the afternoon hearing.

On July 7, 1994, at approximately 2:00 p.m., Norton appeared before the ADLRO hearing officer, and the hearing commenced. At the outset, Norton requested—by both oral and written motion—a continuance of the hearing in order that his retained counsel, Aluli, could attend the hearing. Instead of ruling on Norton's request for a continuance, the hearing officer advised that, because Aluli had not yet called, she would take a thirty-minute recess in order to provide Aluli additional time to make his telephone appearance. By 2:45 p.m., Aluli had failed to call, and the hearing was reconvened. The hearing officer then presented Norton with three options, stating that Norton could:

> One, ... proceed today without Mr. Aluli in the time remaining to him. Two, ... wait for Mr. Aluli until 3:00, at which point the hearing will close. Or three, ... request a continuance if he wanted to hire another attorney.

Because the second option intimated that the hearing would close and Norton would be denied a hearing if by 3:00 p.m. Aluli had not called, Norton was presented with essentially two options: (1) to proceed without Aluli; or (2) to request a continuance for the purpose of hiring another attorney. Having been presented with only these options, Norton chose to proceed without Aluli. Norton then gave testimony and submitted evidence.

On July 12, 1994, the hearing officer issued her decision, affirming Norton's administrative license revocation. Norton subsequently moved for judicial review of the hearing officer's decision, which was heard on October 10, 1994. On November 28, 1994, the district court issued its decision and order affirming the administrative revocation. This timely appeal followed.

## II. *DISCUSSION*

Norton contends that his sixth amendment constitutional right to counsel and his statutory right to counsel, pursuant to HRS § 286–259, mandated a continuance of the administrative hearing in order to have his retained counsel present at the hearing.

liquor, meaning that the person concerned is under the influence of intoxicating liquor in an amount sufficient to impair the person's normal mental faculties or ability to care for oneself and guard against casualty; or

(2) The person operates or assumes actual physical control of the operation of any vehicle with .10 per cent or more, by weight of alcohol in the person's blood.

We note that the blood alcohol level of .10 per cent referred to in HRS § 291–4 has since been amended to ".08 per cent or more". *See* Act 226, July 29, 1995.

A. *The right to counsel under the sixth amendment does not extend to an administrative driver's license revocation hearing.*

Norton contends that the constitutional right to counsel extends to a civil administrative driver's license revocation hearing, and, therefore, the hearing officer's refusal to grant Norton a continuance in order to allow Aluli an opportunity to appear at the hearing violated the constitution. We disagree.

▉▉▉▉ Preliminarily, we note that, although Norton contends that the sixth amendment right to counsel extends to an administrative driver's license revocation hearing, he makes no discernible argument in support of that position, in violation of Rule 28(b)(7) of the Hawai'i Rules of Appellate Procedure (HRAP).[4] We may therefore disregard this particular contention. *See Hall v. State*, 10 Haw.App. 210, 218, 863 P.2d 344, 348, *cert. denied*, 76 Hawai'i 246, 868 P.2d 464 (1993) (the court may disregard points of error when the appellant fails to present discernible arguments supporting those assignments of error). In the interest of fairness, however, we consider Norton's contention that the hearing officer's actions effectively denied Norton his purported sixth amendment right to retained counsel.[5] *See O'Connor v. Diocese of Honolulu*, 77 Hawai'i 383, 385–86, 885 P.2d 361, 363–64 (1994) (stating this court's policy that litigants be permitted to have their cases heard on the merits, where possible).

▉▉▉▉ The sixth amendment right to counsel applies only to criminal proceedings. *State v. Severino*, 56 Haw. 378, 380, 537 P.2d 1187, 1189 (1975) ("Under both the Hawaii State and Federal Constitutions, an accused has the right to assistance of counsel 'in all *criminal* prosecutions.'" (Citing U.S. Const. amend. VI.) (Emphasis in original.)). The proceeding to review the revocation of a driver's license is a civil administrative proceeding, separate and distinct from the criminal proceeding for DUI. *See generally Kernan*, 75 Haw. at 17–20, 856 P.2d at 1216–17 (describing program for administrative procedures to revoke driver's licenses). We therefore hold that an accused's right to assistance of counsel, pursuant to the sixth amendment, is inapplicable to an administrative driver's license revocation hearing. *See e.g., United States v. Quemado*, 26 F.3d 920, 923 (9th Cir.1994) (no right to the appointment of counsel at defendant's driver's license revocation hearing where there was no possibility of imprisonment); *Plumer v. Maryland*, 915 F.2d 927, 931–32 (4th Cir.1990) (citing "well-established principle that the right to counsel applies only to criminal or quasi-criminal proceedings and does not extend to administrative license revocation proceedings").

B. *Norton's Purported Statutory Right to Counsel*

As previously stated, Norton alternatively argues that, because HRS § 286–259 creates

---

4. HRAP Rule 28 provides in relevant part:
   (b) **Opening Brief.** Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following ...:
   ....
   (7) The argument, exhibiting clearly the points of fact and of law being presented, citing the authorities relied upon.

5. In his opening brief, Norton claims that the ADLRO had a "constitutional" obligation to allow Norton to have his retained counsel present at the administrative hearing. In support of this contention, Norton cites cases construing the sixth amendment right to counsel. Norton mentions the phrase "due process" several times in his opening brief but fails to present a colorable argument that due process requires the representation of counsel at an administrative driver's license revocation hearing. Consequently, although the right to counsel may find its constitu-

tional basis under either the command of the sixth amendment, applicable to the states through the fourteenth amendment, *State v. Hoglund*, 71 Haw. 147, 151, 785 P.2d 1311, 1313 (1990) (citation omitted), or the fourteenth amendment's general guarantee of due process, *Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), we consider only whether the hearing officer's denial of Norton's request for a continuance violated the sixth amendment right to counsel. *See Loui v. Board of Medical Examiners*, 78 Hawai'i 21, 29 n. 19, 889 P.2d 705, 713 n. 19 (1995). However, we note that, in *Kernan v. Tanaka*, 75 Haw. 1, 21–31, 856 P.2d 1207, 1218–22 (1993), *cert. denied*, ─── U.S. ───, 114 S.Ct. 1070, 127 L.Ed.2d 389 (1994), this court determined that the procedure of the Hawai'i Administrative Revocation Program provides drivers with adequate due process safeguards.

a statutory right to counsel, his retained counsel's unavailability mandated a continuance of the administrative hearing. We first examine whether HRS § 286–259 affords Norton the right to be represented by counsel; and, if so, whether retained counsel's unavailability mandated a continuance of the administrative hearing.

### 1. HRS § 286–259 permits an arrestee to be represented by counsel at the administrative hearing.

Under HRS § 286–259(a) (1993), "[i]f the director administratively revokes the arrestee's license after administrative review, the arrestee may request an administrative hearing to review the decision...." At such a hearing, "[t]he arrestee *may* be represented by counsel." HRS § 286–259(c) (emphasis added).

▮▮▮ In interpreting the requirements of HRS § 286–259,

[t]he standard of review ... is well established. Our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Moreover, where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning.

*State v. Ramela*, 77 Hawai'i 394, 395, 885 P.2d 1135, 1136 (1994) (citations, internal quotation marks, and internal brackets omitted). The language of HRS § 286–259 is clear—if an arrestee chooses, he or she may be represented by counsel at the administrative hearing. However, there is no "right to counsel" as in the context of a criminal proceeding such that: (1) a defendant is entitled to the representation of counsel at every critical stage of the proceedings against him or her, *State v. Masaniai*, 63 Haw. 354, 358, 628 P.2d 1018, 1022 (1981); and (2) the government must appoint counsel if the arrestee cannot afford to hire his or her own counsel. *State v. Hoey*, 77 Hawai'i 17, 33, 881 P.2d 504, 520 (1994). Moreover, we emphasize that, in this case, Norton essentially waived his statutory right to counsel by not accepting the hearing officer's offer to grant a continuance on the condition that Norton

hire new counsel. Nevertheless, the issue before us is whether Norton, having chosen to have Aluli represent him at the administrative hearing, had the right to a continuance of the hearing in order that Aluli could be present.

### 2. HRS § 286–259 does not mandate a continuance where retained counsel is unavailable.

▮▮▮ An ADLRO hearing officer has discretionary authority to grant or deny a continuance of a driver's license revocation hearing. *See* HRS § 286–259(j) (1993) ("For good cause shown, the director may grant a continuance either of the commencement of the hearing or of a hearing that has already commenced."). Accordingly, we must determine whether the hearing officer's refusal to grant Norton's request for a continuance in order to allow Aluli to be present at the hearing amounted to an abuse of discretion. "Generally, to constitute an abuse of discretion a [tribunal] must have clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26 (1992) (citation omitted). Whether retained counsel's scheduling conflict constitutes "good cause," warranting the grant of a continuance, is a matter committed to the discretion of the hearing officer. *Id.* Thus, we reject Norton's contention that Aluli's unavailability mandated a continuance of the administrative hearing; we examine, however, under the "good cause" standard of HRS § 286–259(j), whether the hearing officer abused her discretion by denying Norton's request for a continuance based on Aluli's unavailability.

### C. *The hearing officer did not abuse her discretion.*

▮▮▮ Norton apparently takes the position that Aluli's unavailability due to his involvement in another trial is *per se* good cause. We disagree. *See, e.g., Department of Gen. Serv. v. R.M. Boggs, Co., Inc.*, 336 N.W.2d 408, 410 (Iowa 1983) ("fact that an attorney has a conflicting trial schedule does

not give him or her an automatic right to a continuance."). The record indicates that: (1) Norton previously had been granted a continuance of the originally scheduled ADLRO hearing; (2) the new hearing date of July 7, 1994 was selected in accordance with Aluli's representation that he would be available by that date; (3) the starting time of the July 7 hearing was delayed until the afternoon of the same day to accommodate Aluli in making an appearance by telephone in order to explain his unavailability to the hearing officer and to request a continuance; and (4) the hearing officer took a thirty-minute recess in order to provide Aluli with additional time to make his telephone appearance. Aluli nevertheless failed to call the ADLRO office during the afternoon on July 7 as he had promised.[6] The hearing officer was thus left without explanation of Aluli's absence, except for the bare assertion that he was involved in a trial in Hilo. Accordingly, based on the record, we cannot say that the hearing officer abused her discretion in denying Norton's request for a continuance.

Moreover, we note that, subsequent to the ADLRO hearing, Norton filed a "Motion to Reconsider and Set Aside Decision Affirming Administrative License Revocation" on August 11, 1994. Attached to the motion were affidavits of Aluli and Aluli's administrative assistant, as well as copies of the clerk's minutes of Aluli's Hilo trial and Aluli's telephone records. The clerk's minutes indicate that, during the afternoon of July 7, the Hilo court was in recess from 1:52 p.m. until 2:15 p.m., providing Aluli with ample time to satisfy his pledge to make a telephone appearance. Aluli, in his affidavit, states that he failed to telephone the ADLRO office during the 1:52 p.m. recess because his "energies and attention were focused on the trial proceedings" in Hilo.

We conclude that Aluli's unavailability due to his involvement in another trial and his failure to appear telephonically do not constitute good cause. We therefore hold that the hearing officer did not abuse her discretion by denying Norton's request to continue the hearing for the purpose of allowing Aluli to represent him.

## III. CONCLUSION

Accordingly, we affirm the district court's order affirming Norton's driver's license revocation.

---

**6.** We note that there is nothing in the record to suggest that Aluli even attempted to secure a recess during the Hilo trial in order to telephone the ADLRO office.