319 P.3d 1173

**In re MARN FAMILY LITIGATION.**

**No. SCWC–10–0000181.**

Supreme Court of Hawai'i.

Feb. 12, 2014.

166

Joseph W. Huster, for petitioner.

Louise K.Y. Ing and Tina L. Colman, Honolulu, for respondent, Thomas E. Hayes.

Steven Guttman, Honolulu, and Dawn Egusa, for respondent, James K.M. Dunn, as Successor Trustee of the Annabelle Y. Dunn Trust, Dated June 18, 1991.

Michael L. Freed and Mark B. Desmarais, Honolulu, for respondent, James Y. Marn, Jr.

RECKTENWALD, C.J., NAKAYAMA, ACOBA, McKENNA, and POLLACK, JJ.

Opinion of the Court by NAKAYAMA, J.

This case is the most recent iteration of the Marn Family Litigation [1], which concerns the ownership and control of the Marn family business. Petitioner/Appellant Alexander Y. Marn (Alexander) has frequently appeared *pro se* throughout the course of the litigation and he filed the appeal on review before this

---

1. The Marn Family Litigation has been ongoing for nearly 15 years and has cost millions of dollars in legal expenses. It has generated fourteen lawsuits, thirteen appeals, four bankruptcies, and five adversary proceedings. While many Marn family assets were sold to fund the litigation, the McCully Shopping Center remains the most highly prized and coveted item in the Marn family portfolio.

court *pro se* before the Intermediate Court of Appeals (ICA). In a summary disposition order (SDO), the ICA dismissed Alexander's appeal for failure to comply with the Hawai'i Rules of Appellate Procedure (HRAP) in his briefing to that court. It is uncontested that Alexander's opening brief to the ICA failed to comply with the HRAP, burdened Respondents/Appellees James Y. Marn (James), James K.M. Dunn (Dunn), and Thomas E. Hayes (the Receiver), and made the ICA's review of Alexander's points of error extremely difficult. However, we hold that the ICA's failure to provide Alexander with notice before dismissing his appeal was a violation of HRAP Rule 30.[2]

## I. Background

On October 25, 2010, the circuit court entered a partial final judgment as to Alexander's claims in *Marn v. Marn*, Civil No. 98–4706–10 and as to the claims that were asserted against Alexander in *Marn v. Ala Wai Investment, Inc.*, Civil No. 98–5371–12. As part of the circuit court's 2010 judgment, the Receiver was ordered to sell the McCully Shopping Center and, upon closing of the sale, complete a final accounting including allocations of costs against the four limited partners of McCully Associates.

Alexander appealed to the ICA. His 46 page opening brief, filed *pro se*, alleged 17 "areas 'observed' to be highly questionable."[3] The opening brief included no table of authorities, instead referencing the table of authorities in the opening brief Alexander filed

in another appeal before the ICA. The brief noted that there were four other appeals currently pending in the Marn Family Litigation and incorporated by reference all records and briefing from each of these cases. Alexander also referred the court to prior appeals for the relevant standard of review. The argument section of Alexander's brief included eleven sections, cited no authority, and rarely cited to the record.

In their answering briefs, Respondents argued that Alexander's opening brief prejudicially violated the HRAP. The Respondents' briefs noted that Alexander improperly incorporated all documents filed in four other appeals, foisting a substantial burden on the Respondents to identify the relevant issues on appeal. They also noted that Alexander failed to present arguments in support of his points of error or to include citations to the record. The Receiver and James argued that Alexander's brief should be stricken and the appeal dismissed and Dunn argued that any point of error not specifically addressed should be dismissed. However, none of the parties filed a motion to dismiss Alexander's appeal.

On March 28, 2013, the ICA issued an SDO *sua sponte* dismissing Alexander's appeal. The ICA stated that, as the Respondents argued, Alexander's opening brief contained "pervasive and substantial" violations of HRAP Rules 28(a) (regarding format, service, and page limitations)[4], (b)(1) (regarding the index and table of authorities), (b)(3) (regarding the concise statement of the case),

---

2. In his application for writ of certiorari, Alexander argued that the ICA erred in refusing to evaluate his opening brief under the more lenient *pro se* litigant standard, and instead evaluated his brief as that of an "experienced litigant." Because we dismiss the ICA's SDO and remand to the ICA for further proceedings, it is unnecessary to address this point of error. However, we note that while the ICA commented that Alexander was an "experienced litigant," this was not the basis for its dismissal. The ICA stated that Alexander's briefing did not meet even the most lenient *pro se* litigant standards. It explained that not only did Alexander's opening brief fail to comply with HRAP Rule 28, but it also prevented the Respondents from effectively responding to Alexander's arguments and burdened the court with constructing the arguments and conducting the research to support these arguments.

3. The ICA granted Alexander leave to exceed HRAP Rule 28(a)'s opening brief page limit of 35 pages and permitted him to file an opening brief not to exceed 50 pages.

4. HRAP Rule 28(a) provides:

 **Format, service, and page limitation.** All briefs shall conform with Rule 32 and, if service is by any means other than a notice of electronic filing, be accompanied by proof of service of 2 copies on each party to the appeal. Except after leave granted, an opening or answering brief shall not exceed 35 pages, and a reply brief shall not exceed 10 pages, exclusive of indexes, appendices, and statements of related cases. If a brief raises ineffective assistance of counsel as a point of error, the appellant shall serve a copy of the brief on the attorney alleged to have been ineffective.

(b)(4) (regarding the points of error), (b)(5) (regarding the standard of review), (b)(7) (regarding the argument), and (b)(10) (regarding the appendices) [5].

The ICA explained that Alexander's non-compliance with the HRAP made Alexander's arguments difficult to identify and forced the court to "sift through the very voluminous record that has more than a hundred volumes." Citing *Sprague v. Cal. Pac. Bankers & Ins. Ltd.*, 102 Hawai'i 189, 74 P.3d 12 (2003), the ICA stated that it was "within the court's discretion to disregard non-complying aspects of the brief, dismiss [Alexander's] appeal, or strike the brief." The court reasoned that while it " 'adhered to the policy of affording litigants the opportunity to have their cases heard on the merits,' " "the number and nature" of Alexander's violations warranted the dismissal of his appeal. Finally, the ICA noted that while it generally showed leniency to technical flaws in *pro se* parties' briefs, this leniency "is not necessarily warranted where the party is an experienced litigant, as is [Alexander]."

After obtaining counsel, Alexander filed a document entitled motion for reconsidera-

---

5. HRAP Rule 28(b) provides, in pertinent part:

**(b) Opening brief.** Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated: (1) A subject index of the matter in the brief with page references and a table of authorities listing the cases, alphabetically arranged, text books, articles, statutes, treatises, regulations, and rules cited, with references to the pages in the brief where they are cited. Citation to Hawai'i cases since statehood shall include both the state and regional reporters. Citation to foreign cases may be to only the regional reporters. Where cases are generally available only from electronic databases, citation may be made thereto, provided that the citation contains enough information to identify the database, the court, and the date of the opinion.
. . . .
(3) A concise statement of the case, setting forth the nature of the case, the course and disposition of proceedings in the court or agency appealed from, and the facts material to consideration of the questions and points presented, with record references supporting each statement of fact or mention of court or agency proceedings. In presenting those material facts, all supporting and contradictory evidence shall be presented in summary fashion, with appropriate record references. Record references shall include page citations and the volume number, if applicable. References to transcripts shall include the date of the transcript, the specific page or pages referred to, and the volume number, if applicable. Lengthy quotations from the record may be reproduced in the appendix. There shall be appended to the brief a copy of the judgment, decree, findings of fact and conclusions of law, order, opinion or decision relevant to any point on appeal, unless otherwise ordered by the court.
(4) A concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (I) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency. Where applicable, each point shall also include the following:
(A) when the point involves the admission or rejection of evidence, a quotation of the grounds urged for the objection and the full substance of the evidence admitted or rejected;
(B) when the point involves a jury instruction, a quotation of the instruction, given, refused, or modified, together with the objection urged at the trial;
(C) when the point involves a finding or conclusion of the court or agency, either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions;
(D) when the point involves a ruling upon the report of a master, a quotation of the objection to the report.
Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented. Lengthy parts of the transcripts that are material to the points presented may be included in the appendix instead of being quoted in the point.
(5) A brief, separate section, entitled "Standard of Review," setting forth the standard or standards to be applied in reviewing the respective judgments, decrees, orders or decisions of the court or agency alleged to be erroneous and identifying the point of error to which it applies.
. . . .
(7) The argument, containing the contentions of the appellant on the points presented and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on. The argument may be preceded by a concise summary. Points not argued may be deemed waived.
. . . .
(10) An appendix. Anything that is not part of the record shall not be appended to the brief, except as provided in this rule.

tion.[6] The ICA denied Alexander's purported motion and Alexander filed an application for writ of certiorari.

## II. The ICA erred in failing to provide Alexander with notice prior to dismissing his appeal.

 We have repeatedly stated that arguments not presented in compliance with HRAP Rule 28(b)(4) may be disregarded. *See e.g., Omerod v. Heirs of Kaheananui,* 116 Hawai'i 239, 263, 172 P.3d 983, 1007 (2007) (stating that due to the brief's non-compliance with HRAP Rule 28(b)—which would require the court to sift through the more than 6,000 page record to determine the specific errors—the points of error regarding the lower court's decision would be disregarded). Additionally, it is within the appellate court's discretion to affirm the judgment of the circuit court or to dismiss an appeal for failure to comply with the court rules. *See, e.g., Bettencourt v. Bettencourt,* 80 Hawai'i 225, 228, 909 P.2d 553, 556 (1995) ("[A]ppellant's brief in almost no respect conforms to the requirements of Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b), which we have held is, alone, sufficient basis to affirm the judgment of the circuit court."). However, while it is relatively common for appellate courts to disregard certain portions of an appellant's argument that are not properly presented, it is very rare for an appellate court to dismiss an entire appeal based on non-compliance with briefing requirements. *See, e.g., Kaho'ohanohano v. Dep't of Human Servs.,* 117 Hawai'i 262, 297 n. 37, 178 P.3d 538, 573 n. 37 (2008) ("This court will 'disregard [a] particular contention' if the appellant 'makes no discernible argument in support of that position[.]'" (alterations in original) (emphasis added) (quoting *Norton v. Admin. Dir. of the Court,* 80 Hawai'i 197, 200, 908 P.2d 545, 548 (1995))); *Sprague v. Cal. Pac. Bankers & Ins. Ltd.,* 102 Hawai'i 189, 195, 74 P.3d 12, 18 (2003) ("The ICA's decision to disregard this point on appeal did not amount to grave error, inasmuch as the

Petitioners' points of error section failed to comply with HRAP Rule 28(b)(4)." (emphasis added)).

The dismissal of an appeal for failure to comply with the HRAP is governed by HRAP Rule 30, "Briefs Not Timely Filed or Not in Conformity with Rule." This rule provides for the dismissal of an appeal when the appellant's brief is untimely filed or when the brief fails to comply with other HRAP rules. HRAP Rule 30 states:

> When the brief for appellant is not filed within the time required, the appellate clerk shall forthwith give notice to the parties that the matter will be called to the attention of the appellate court on a day certain for such action as the appellate court deems proper and that the appeal may be dismissed. When the brief of an appellant is otherwise not in conformity with these rules, the appeal may be dismissed or the brief stricken and monetary or other sanctions may be levied by the appellate court. When the brief of an appellee is not filed within the time required, or is not in conformity with these rules, the brief may be stricken and monetary or other sanctions may be levied by the appellate court. In addition, the appellate court may accept as true the statement of facts in the appellant's opening brief. Any party who may be adversely affected by application of this rule may submit a memorandum, affidavits, or declarations setting forth the reasons for nonconformance with these rules.

(Emphasis added).

 The interpretation of statutes and court rules is governed by well-established principles:

> "First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our

---

**6.** On April 8, 2013, Marn filed an electronic document labeled "Motion for Reconsideration." Inexplicably, this document was only the signature page of what we can only imagine was a motion for reconsideration. Marn also filed a declaration at the same time stating that Marn did not dispute that he failed to comply with the HRAP, but requesting that the ICA set aside its order dismissing the appeal.

foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. And fifth, in construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning."

*Haw. Gov't Emps. Ass'n v. Lingle,* 124 Hawai'i 197, 202, 239 P.3d 1, 6 (2010) (quoting *Awakuni v. Awana,* 115 Hawai'i 126, 133, 165 P.3d 1027, 1034 (2007)).

Here, HRAP Rule 30 clearly provides that where an appellant's brief is not timely filed, the appellate clerk "shall" provide the appellant with notice before dismissing the appeal. HRAP Rule 30 is silent as to whether the court must provide an appellant with notice if the appeal is to be dismissed for non-compliance with other rules. However, HRAP Rule 30 concludes by stating that "[a]ny party who may be adversely affected by application of this rule may submit a memorandum ... setting forth the reasons for non-conformance with these rules." HRAP Rule 30. It is unclear how a party would be aware of the need to submit such a memorandum if the court did not provide the party with notice that its brief was not in compliance with a provision of the HRAP and that the court was dismissing the party's appeal.

In construing the ambiguity in HRAP Rule 30, we must examine the rule as a whole and attempt to give effect to the intention of the drafters of the rule. The drafters clearly intended to grant the appellate court the authority to dismiss appeals, strike briefs, or order monetary or other sanctions against appellants filing briefs not in compliance with the HRAP. The drafters also intended to provide appellants with a meaningful opportunity to respond to any allegations of non-compliance. For an appellant to have the opportunity to respond to

allegations of non-compliance, the appellant must receive notice of any alleged non-compliance before the dismissal of its appeal. Therefore, we interpret HRAP Rule 30 as requiring that the appellate court give notice to the parties of any non-compliance with HRAP before dismissing an appeal, striking a brief, or ordering monetary or other sanctions.

Here, although Respondents requested that the ICA dismiss Alexander's appeal, they did not file a motion to dismiss and the ICA issued no notice of proposed dismissal. Therefore, Alexander was provided no opportunity to submit a memorandum "setting forth the reasons for non-conformance" with HRAP.[7] HRAP Rule 30. The ICA erred by violating Rule 30 when it dismissed Alexander's appeal without notice.

### III. Conclusion

We hold that the ICA's dismissal of Alexander's appeal without notice or a meaningful opportunity to respond was a violation of HRAP Rule 30. We vacate the ICA's May 8, 2013 amended judgment on appeal and remand to the ICA for further proceedings in accord with this opinion.

---

**7.** Nothing herein should be interpreted as precluding an appellate court from disregarding an individual argument that is not presented in compliance with HRAP Rule 28.