**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000411
21-JUL-2022
07:51 AM
Dkt. 55 SO**</span>

NO. CAAP-21-0000411

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WC, Petitioner-Appellee, v.
TC, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-DA NO. 18-1-0361)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Wadsworth and Nakasone, JJ.)

Self-represented Respondent-Appellant TC (**Mother**) appeals from the "Six[th] Amended Order for Protection" (**Sixth Amended Order**), entered in favor of Petitioner-Appellee WC (**Father**) on June 18, 2021, by the Family Court of the Second Circuit (**Family Court**).[1] Mother also claims to appeal from the "Findings of Fact and Conclusions of Law and Order" (**FOFs/COLs/Order**), entered on August 18, 2021, by the Family Court.

On appeal, Mother appears to contend that the Family Court entered the Sixth Amended Order: (1) without the support of substantial evidence and in abuse of the court's discretion; (2) in violation of Mother's due process rights; and (3) in

---

[1] The Honorable James R. Rouse presided. It appears that the Sixth Amended Order, which mistakenly bears the filing date of June 18, 2020, was signed on June 18, 2021, and filed on the same date.

violation of evidentiary rules.[2/]  Mother does not challenge any specific FOFs or COLs made by the Family Court.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Mother's contentions as follows and affirm.

## I. Background

On July 23, 2018, Father filed an ex parte petition for a temporary restraining order (**TRO**) against Mother pursuant to Hawaii Revised Statutes (**HRS**) Chapter 586.  Father declared under penalty of perjury that Mother had committed acts of domestic abuse or threats of domestic abuse, including hitting Father in the face and punching him in the back of the head, and threatening to commit suicide in front of the parties' minor daughter.  On July 23, 2018, the Family Court entered a TRO, finding in part that it was "necessary to prevent acts of abuse or recurrence of actual domestic abuse . . . ."

As reflected in unchallenged FOF 1, and in the record, on July 27, 2018, following a show-cause hearing, the Family Court entered an Order for Protection (**Order**), ordering in part that Mother be restrained from committing further acts of abuse.[3/]

---

[2/]     Mother's points of error, to the extent discernible, have been restated and condensed for clarity.  We note that Mother's opening brief fails to comply in material respects with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and (7).  Mother's "failure to comply with HRAP Rule 28(b)(4) is alone sufficient to affirm the [family] court's judgment."  Morgan v. Planning Dep't, Cty. of Kauai, 104 Hawaiʻi 173, 180, 86 P.3d 982, 989 (2004); see also HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").  Nevertheless, we have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'"  Morgan, 104 Hawaiʻi at 180–81, 86 P.3d at 989–90 (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)).  We thus address Mother's arguments to the extent discernible.

[3/]     The Family Court further found that Mother's recent conduct included psychological abuse that constituted "family violence" under HRS § 571-2.  We note that under HRS § 586-5.5(a) (2018), a protective order may be issued when it is necessary to prevent "domestic abuse or a recurrence of abuse[.]"  The statutory definitions of "domestic abuse" (see HRS § 586-1 (Supp. 2020)) and "family violence" are not coextensive.  Here, it appears that the Family Court issued the Protective Order based on conduct that constituted domestic abuse and also included family violence.

The following FOFs are also unchallenged on appeal:

2.     The Order was subsequently amended on September 21, 2018, October 18, 2018, January 14, 2019, and July 31, 2019.  The Order was extended for good cause by this Court on June 26, 2020 and is set to expire on July 27, 2021.  [Mother] was then represented by [counsel].

3.     After the Order was amended on January 14, 2019, [Mother] was alleged to have violated the Order on January 26, 2019.  The Order was then amended again on July 31, 2019, and [Mother] was once again alleged to have violated the Order on February 27, 2020.

4.     Per Court records and [Mother's] testimony, the charges for the alleged violations of the Order are still pending before Judge Bissen in 2FFC-20-0000102 and 2FFC-19-0000048.

5.     Additionally, per the Court's records and [Mother's] testimony, she has several felony charges, five (5) total consisting of (3) Class C felony counts in 2CPC 17-0000244 before Judge Loo, and (1) Class B count and (1) Class C count in 2 CPC 17-0000114 before Judge Bissen that are pending resolution.

6.     Currently, [Father] has sole legal and physical custody of the minor child as ordered in 2DV181000355 by order entered on July 31, 2019.  Further, Court records indicate that on June 14, 2021, [Mother] was ordered to have continued supervised visits with the child because a change in visitation would not be in the child's best interests as there was been no material change in the circumstances since the date of the last order entered in the matter.

7.     The Court finds that [Mother's] prior alleged non-compliance with the Order for Protection as well as her failure to address the charges against her for her alleged violation of the Order is good cause for the Order for Protection to be extended.

8.     The Court finds that [Mother] has demonstrated a capacity for [sic] to disregard the orders of this Court.  As a result, the Court also finds that the Order for Protection is still necessary to prevent domestic abuse or recurrence of abuse.  As a result, this Court may extend the Order for such further fixed reasonable period as the Court deems appropriate pursuant to [HRS] § 586-5.5(b).[4]

(Footnote added.)

---

[4]     We note that FOFs 7 and 8 actually present mixed determinations of fact and law.

## II. Discussion

### A. Substantial Evidence

Mother contends that the Sixth Amended Order "[w]as made without the support of substantial evidence" and "[w]as arbitrary, capricious, or an abuse of discretion."

We review the Family Court's exercise of discretion as follows:

> [T]he family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion. Thus, we will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawaiʻi 183, 189-90, 20 P.3d 616, 622-23 (2001)).

We review the Family Court's findings of fact for clear error and vacate only when "the record lacks substantial evidence to support the finding or, . . . despite substantial evidence in support of the finding, [we are] left with a definite and firm conviction that a mistake has been made." Id. "'Substantial evidence' is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. Unchallenged findings of fact are binding on the parties and this court. See In re Doe, 99 Hawaiʻi 522, 538, 57 P.3d 447, 463 (2002). We likewise review conclusions of law that present mixed questions of fact and law for clear error. See Estate of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

Mother does not present any argument on her points of error (see HRAP Rule 28(b)(7)); however, she asserts in her "Statement of Facts" that "[t]he Court had all the information present to render a decision to allow some sort of respite from the TRO" and "dismissed [Mother's] success and progress in self-realization and rehabilitation." Father responds that the Family

Court "properly exercised its discretion to extend the Protective Order."

HRS § 586-5.5(b) (Supp. 2021) provides:

> A protective order <u>may be extended for a further fixed reasonable period as the court deems appropriate</u>, including, in the case where a protective order restrains any party from contacting, threatening, or physically abusing a minor, for a fixed reasonable period extending to a date after the minor has reached eighteen years of age. Upon application by a person or agency capable of petitioning under section 586-3, the court shall hold a hearing to determine whether the protective order should be extended. <u>In making a determination, the court shall consider evidence of abuse and threats of abuse that occurred before the initial restraining order and whether good cause exists to extend the protective order</u>.

> The extended protective order may include all orders stated in the preceding restraining order and may provide further relief as the court deems necessary to prevent domestic abuse or a recurrence of abuse, including orders establishing temporary visitation and custody with regard to minor children of the parties and orders to either or both parties to participate in domestic violence intervention services. The court may terminate the extended protective order at any time with the mutual consent of the parties.

(Emphases added.)

Here, as reflected in FOFs 1 through 8, the Family Court considered the "evidence of abuse and threats of abuse that occurred before the initial restraining order and whether good cause exist[ed] to extend the protective order." HRS § 586-5.5(b). The Family Court cited, among other things, Mother's abusive conduct that led to the initial order for protection, her alleged non-compliance with subsequent amended orders for protection, and her "demonstrated capacity . . . to disregard the orders of this court." Mother has not challenged any of the Family Court's related findings, which are thus binding on appeal (see supra) and support the Family Court's conclusions in FOFs 7 and 8 that there was good cause to extend the protective order.[5]

---

[5]    In COLs 4 through 6, the Family Court also concluded that Father established a material change of circumstances after issuance of the June 26, 2020 Order for Protection, pursuant to HRS § 586-9 (2018). The applicable standard in these circumstances, however, was the "good cause" standard set forth in HRS § 586-5.5(b), which the court properly applied in FOFs 7 and 8. To the extent the Family Court erred in relying on HRS § 586-9, we conclude that such error was harmless.

In asserting that the Family Court "had all the information . . . to allow some sort of respite from the TRO" and disregarded Mother's "progress in self-realization and rehabilitation[,]" Mother appears to dispute the weight of the evidence. It is well-settled, however, that "an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Fisher, 111 Hawaiʻi at 46, 137 P.3d at 360 (quoting Doe, 95 Hawaiʻi at 190, 20 P.3d at 623). Moreover, Mother does not point to any evidence in the record supporting her assertions or provide any argument as to why any of the FOFs or mixed FOFs/COLs were clearly erroneous. See HRAP Rule 28(b)(7).

Accordingly, we conclude that the FOFs/COLs/Order and the Sixth Amended Order were supported by substantial evidence, and we are not left with a definite and firm conviction that a mistake has been made. We further conclude that the Family Court did not abuse its discretion in entering the Sixth Amended Order.

## B. Due Process

Mother contends:

> The Due Process clauses [sic] of the United States Constitution encourages courts to decide a case that could adversely affect a party's interest in the light deemed fundamental or natural. To satisfy this requirement, all evidence must be viewed in a light equal to both parties and all permissible inferences must be reasonably calculated and entered into the record properly.

Mother further asserts that "El v. Granville, 530 U.S. 57 (2000) settles that the state court cannot interfere by allocating children without a high standard of proof that one parent is unfit."[6]

However, Mother fails to specify where in the record she brought the alleged error to the attention of the Family

---

[6]    It appears that Mother is referring to Troxel v. Granville, 530 U.S. 57 (2000), in which the United States Supreme Court affirmed the Washington Supreme Court's judgment that a Washington visitation statute violated the United States Constitution. Id. at 63.

Court, and makes no discernible argument as to how the Sixth Amended Order violated her due process rights. Her argument is thus deemed waived. See HRAP Rule 28(b)(4) and (7); <u>Ito v. Investors Equity Life Holding Co.</u>, 135 Hawaiʻi 49, 74, 346 P.3d 118, 143 (2015) ("Where an appellant makes general assertions of a due process violation, without further elaboration or citation to authority, the court cannot reach a reasoned conclusion, and the due process argument is deemed waived." (citing <u>Cty. of Hawaii v. C & J Coupe Family Ltd. P'ship</u>, 119 Hawaiʻi 352, 373, 198 P.3d 615, 636 (2008)); <u>State v. Moses</u>, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]").

## C. Evidentiary Rules

Mother contends that "Hawaii Rules of Evidence [(**HRE**)] 626 were not followed . . . relating to the mindset of [Mother] . . . ."[7] She also asserts that "[m]uch of [Father's] filings proffered were irrelevant, . . . were entered into the record erroneously[, and] were unfairly prejudicial, confusing, and based on hearsay."

However, Mother fails to set forth the substance of the evidence she claims was improperly admitted or rejected, fails to identify the evidentiary rule or rules she claims were violated, fails to specify where in the record, and on what grounds, she objected, and fails to make any discernible argument regarding her contentions. See HRAP Rule 28(b)(4) and (7). Her contentions based on alleged evidentiary violations are therefore deemed waived. See <u>In re Guardianship of Carlsmith</u>, 113 Hawaiʻi 236, 246, 151 P.3d 717, 727 (2007) (an appellate court "may disregard a particular contention if the appellant makes no discernible argument in support of that position" (quoting <u>Norton v. Admin. Dir. of the Court</u>, 80 Hawaiʻi 197, 200, 908 P.2d 545, 548 (1995)) (internal quotation marks and brackets omitted));

---

[7] There is no HRE Rule 626. It appears that Mother may be referring to HRS chapter 626, which sets forth the Hawaiʻi Rules of Evidence.

<u>Moses</u>, 102 Hawaiʻi at 456, 77 P.3d at 947; HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

### III. Conclusion

For the reasons discussed above, the "Six[th] Amended Order for Protection," entered on June 18, 2021, by the Family Court of the Second Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, July 21, 2022.

On the briefs:

TC
Self-represented Respondent-
Appellant.

Alan Y. Okamoto
(Kleintop & Luria, LLP)
for Petitioner-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge