<u>**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**</u>

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000545
21-JUN-2023
08:18 AM
Dkt. 155 SO**

NOS. CAAP-19-0000545, CAAP-19-0000879 and
CAAP-20-0000364

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

<u>**CAAP-19-0000545**</u>
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE
LOAN TRUST, 2006-NC1, Plaintiff-Appellee,
v.
DANEFORD MICHAEL WRIGHT, ELLAREEN UILANI WRIGHT,
Defendants-Appellants,
and
COUNTY OF MAUI, WAILUKU COUNTRY ESTATES COMMUNITY
ASSOCIATION, INC., FINANCE FACTORS, LTD.,
Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, AND GOVERNMENTAL
UNITS 1-10, Defendants

AND

<u>**CAAP-19-0000879**</u>
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE
LOAN TRUST, 2006-NC1, Plaintiff-Appellee,
v.
DANEFORD MICHAEL WRIGHT, ELLAREEN UILANI WRIGHT,
Defendants-Appellants,
and
COUNTY OF MAUI, WAILUKU COUNTRY ESTATES COMMUNITY
ASSOCIATION, INC., FINANCE FACTORS, LTD.,
Defendants-Appellees,
and

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, AND GOVERNMENTAL
UNITS 1-10, Defendants

AND

**CAAP-20-0000364**
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
THE STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE
LOAN TRUST, 2006-NC1, Plaintiff-Appellee,
v.
DANEFORD MICHAEL WRIGHT, ELLAREEN UILANI WRIGHT,
Defendants-Appellants,
and
COUNTY OF MAUI, WAILUKU COUNTRY ESTATES COMMUNITY
ASSOCIATION, INC., FINANCE FACTORS, LTD.,
Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, AND GOVERNMENTAL
UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 2CC091000961)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

In this consolidated foreclosure appeal,[1] self-represented Defendants-Appellants Daneford Michael Wright and Ellareen Wright (collectively, the **Wrights**), appeal from: (1) the July 16, 2019 Final Judgment (**Final Judgment**) in CAAP-19-0000545; (2) the November 29, 2019 "Order Denying Ex Parte Motion to Shorten Time for Hearing on Emergency Rule 62(b) Motion of Defendants Daneford Michael Wright and Ellareen Uilani Wright to Stay Any Further Attempts to Execute the August 21, 2018 Writ of Possession Pending Appeal to the Intermediate Court of Appeals Filed Concurrently with Motion for Relief from Writ of

---

[1] We consolidated CAAP-19-0000545 and CAAP-19-0000879 by a January 13, 2020 order, followed by a May 22, 2020 order consolidating the third case, CAAP-20-0000364.

2

Possession Under Rules 60(b)(4) and 60(b)(6) and Setting Time for Hearing" (**Order Denying Ex Parte Motion to Shorten Time**) in CAAP-19-0000879;[2] and (3) the April 28, 2020 "Order Denying Without Prejudice Defendants' Motion for Relief from Judgment Pursuant to [Hawaiʻi Rules of Civil Procedure (**HRCP**)] 60(b)(2), (3), (4), and (6) and Vacate Plaintiff's Writ of Possession Dated July 15, 2019, Filed 2/25/20" (**Order Denying Motion for 60(b) Relief and Vacate Writ of Possession**) in CAAP-20-0000364; all filed and entered by the Circuit Court of the Second Circuit (**Circuit Court**).

On appeal, the Wrights raise the following points of error contending that the Circuit Court erred: (1) by "calendar[ing] a trial on September 15, 2014" when Plaintiff-Counterclaim-Defendant-Appellee U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Loan Trust, 2006-NC1 (**US Bank**) "never filed a pretrial statement"; (2) by denying the Wrights their due process right to a jury trial; (3) by failing "to recognize the gap in the chain of title when [US Bank] [sic] only witness had no knowledge of the NCMC sale to LBB"; (4) by failing "to require [US Bank] to provide documentation to establish the path of the Wright [sic] collateral after the NCMC Transfer to NCC and finally a sale to LBB which had been established by Wrights [sic] excepted [sic] Trial evidence D-18 Sale Documents to Lehman Brothers which was not even considered by the court"; (5) by allowing "the trial to continue without the Note, Mortgage and alleged collateral file to be brought back into court on the 2nd day of the trial which was admitted into evidence which the Wrights had no chance to cross[-]examine the documents and testify in court to bring forth the Wrights [sic] Original Note received by the Bankruptcy Court of Delaware which was excepted [sic] into evidence by [the

---

[2]     The Wrights provide no discernible argument on this order in their Opening Brief, and we do not address it.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).

Circuit Court]"; (6) by granting the April 8, 2015 "Findings of Fact, Conclusions of Law, Judgment, and Decree of Foreclosure" (**Foreclosure Decree**) where "Wells Fargo admitted at trial that apparently LBB held the Wright [sic] collateral in controversy to WF [sic] as attorney-in-fact for NCMC who allegedly created the (7) by failing "to consider the weight of the NCMC bankruptcy Trustee Affidavit and Bankruptcy Court orders against the false and deceptive AOM and LPOA in its decision that the AOM was a viable transfer/sale document which [US Bank] claimed in its January 23, 2010 Complaint which [US Bank] claims how [US Bank] became owner and holder of the Wrights [sic] Mortgage and Note"; (8) by failing "to allow Mr. Wright to testify before ending the trial after Mr. Wright stated he wanted an opportunity"; (9) by denying the Wrights' "reconsideration and a [sic] request for new trial . . . [w]hen there were many material issues brought forth by the Wrights"; and (10) by denying the Wrights' "motion to vacate."

The Wrights' Opening Brief does not comply with HRAP Rule 28. The points do not cite to "where in the record the alleged error[s] occurred" and "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court" as required by HRAP Rule 28(b)(4)(ii) and (iii). The Opening Brief does not contain discernible record references pursuant to HRAP Rule 28(b)(3), (4), and (7). While the Wrights appear to quote from transcripts of trial proceedings, no transcripts are part of the record of this consolidated appeal. See HRAP Rules 10(a), 10(b), and 28(b)(3). However, to promote access to justice, we interpret pleadings prepared by self-represented litigants liberally and attempt to afford them appellate review even though they fail to comply with court rules. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020). We consider the Wrights' arguments to the extent we can discern them.

4

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the Wrights' points of error as follows, and affirm.

The underlying case has a lengthy procedural history, which we set forth in the first of two prior dispositions by this court. See U.S. Bank Nat. Ass'n, as Tr. for the Structured Asset Sec. Corp. Mortg. Loan Tr., 2006-NC1 v. Wright, No. CAAP-15-0000714, 2017 WL 1829680, at *1 (App. May 5, 2017) (mem.) (**Wright I**). Pertinent to this appeal, following a January 2015 bench trial, the Circuit Court entered its April 8, 2015 Foreclosure Decree in favor of US Bank and against the Wrights, granting foreclosure of mortgaged property for the Wrights' default on a promissory note secured by the mortgage. On September 28, 2015, the Circuit Court entered a judgment on its "Order Denying in Part and Granting in Part Amended Plaintiff's Motion to Reduce Bid to Total Debt Bid and for Confirmation of Sale by Commissioner, Filed July 10, 2015" (**Judgment on Order Confirming Sale**).

In the first appeal, Wright I, both US Bank and the Wrights appealed from the April 8, 2015 Foreclosure Decree, and we consolidated their four appeals under CAAP-15-0000714. In Wright I, we concluded that US Bank was entitled to per diem interest for the reasonable amount of time it should have taken US Bank to obtain payment of the outstanding principal and was entitled to attorneys' fees and costs. Id. at *3-5.

In the second appeal, U.S. Bank Nat. Ass'n, as Tr. for the Structured Asset Sec. Corp. Mortg. Loan Tr., 2006-NC1 v. Wright, No. CAAP-16-0000158, 2017 WL 2735634, at *1 (App. June 26, 2017) (SDO) (**Wright II**), both US Bank and the Wrights appealed from the September 28, 2015 Judgment on Order Confirming Sale. In Wright II, we concluded that the Circuit Court erred in granting an order staying the sale of the subject property at

issue and in failing to grant a motion for reconsideration regarding the stay of the sale of the subject property.  Id. at *3-5.

Here, in this third appeal, it appears that the first nine out of the Wrights' ten points of error arise out of the 2015 trial and the April 8, 2015 Foreclosure Decree, which were the subject of both parties' appeals in Wright I.  A litigant who wishes to challenge a decree of foreclosure must do so "within the thirty day period following entry of the decree or will lose the right to appeal that portion of the foreclosure proceeding." Beneficial Hawaii, Inc. v. Casey, 98 Hawaiʻi 159, 165, 45 P.3d 359, 365 (2002) (citation omitted).  The Wrights' appeal in Wright I, however, was dismissed on October 11, 2016 for the Wrights' failure to file an Opening Brief.  The April 8, 2015 Foreclosure Decree is not eligible for appellate review, and we do not address the Wrights' contentions regarding the 2015 trial and April 8, 2015 Foreclosure Decree.  See Mortg. Elec. Registration Sys. Inc. v. Wise, 130 Hawaiʻi 11, 17, 304 P.3d 1192, 1198 (2013) (holding that a foreclosure judgment becomes "final and binding" when the time for appealing the judgment passes without an appeal being taken).

As to the Wrights' tenth point of error on the denial of the "motion to vacate," it appears that the Wrights are referring to the April 28, 2020 Order Denying Motion for 60(b) Relief and Vacate Writ of Possession.  While the Opening Brief does not provide discernible legal argument on why the Wrights are entitled to relief under HRCP Rule 60(b)(2), (3), or (4), the Reply Brief contains a brief argument in response to the Answering Brief's arguments on the Rule 60(b) motion.  Citing PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 474 P.3d 264 (2020), the Wrights argue that "[t]he Circuit Court's refusal to consider the motion before issuing a denial because it viewed the arguments as res judicata is in error."  The Circuit Court's Order Denying Motion for 60(b) Relief and Vacate Writ of

6

Possession, however, does not contain any reasoning or explanation for the denial of the motion; and the Wrights have not provided a transcript of the March 4, 2020 hearing on that motion.  Without a transcript, there is no basis upon which to review the alleged error.  See HRAP Rule 10(b)(1)(A) (requiring a transcript for any error "that requires consideration of the oral proceedings before the court appealed from"); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (citation and internal brackets omitted) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript.").

Finally, while not raised as a point of error, the Wrights argue that the ineffectiveness of their prior retained counsel, for failing to file an opening brief, led to the dismissal of the Wrights' prior appeal of the foreclosure judgment.  The Wrights acknowledge that "there is no due process right to 'competent' counsel in civil cases under the Sixth Amendment" of the United States Constitution, but nevertheless argue for relief based on loss of property under the Fourteenth Amendment.  As there is no federal constitutional right to the assistance of counsel in civil cases, this argument lacks merit. See U.S. Const. amend. VI; Chong v. Anderson, No. 29367, 2011 WL 1574735, at *3 (App. Apr. 26, 2011) (SDO) ("[Appellant] does not have a right to effective assistance of counsel because there is no right to counsel in a civil case." (citing Norton v. Haw. Admin. Dir. of Court State of Haw., 80 Hawaiʻi 197, 200, 908 P.2d 545, 548 (1995))).

For the foregoing reasons, we affirm :  (1) the July 16, 2019 Final Judgment in CAAP-19-0000545; (2) the November 29, 2019 "Order Denying Ex Parte Motion to Shorten Time for Hearing on Emergency Rule 62(b) Motion of Defendants Daneford Michael Wright and Ellareen Uilani Wright to Stay Any Further Attempts to Execute the August 21, 2018 Writ of Possession Pending Appeal to

the Intermediate Court of Appeals Filed Concurrently with Motion for Relief from Writ of Possession Under Rules 60(b)(4) and 60(b)(6) and Setting Time for Hearing" in CAAP-19-0000879; and (3) the April 28, 2020 "Order Denying Without Prejudice Defendants' Motion for Relief from Judgment Pursuant to HRCP 60(b)(2), (3), (4), and (6) and Vacate Plaintiff's Writ of Possession Dated July 15, 2019, Filed 2/25/20" in CAAP-20-0000364; all filed and entered by the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, June 21, 2023.

On the briefs:

Daneford Michael Wright
Ellareen Uilani Wright
Self-Represented
Defendants-Appellants.

Deirdre Marie-Iha
(Goodsill Anderson Quinn &
Stifel, a Limited Liability
Law Partnership LLP)
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge